AYRES, Judge.
In this expropriation proceeding defendant was awarded $1,225.00 for the property taken for highway purposes. No award was made for damages allegedly sustained to the remainder of defendant's property. From the judgment thus rendered and signed, defendant appealed.
Defendant is the owner of a plot of ground located at the northwest corner of Linwood Avenue and 70th Street, two principal thoroughfares in the City of Shreveport. The property fronts 120 feet on 70th Street and 133.5 feet on Linwood. The land taken was a strip across the property fronting 70th Street, 120 feet in length with a width of 4.52 feet at its east end and 4.56 feet at its west end. The area taken comprised 544.78 square feet.
No real controversy is presented as to the value of the property taken. Plaintiff’s appraisers, O. W. Deen and Roy J. Fulco, fixed its value at $2.25 per square foot. The appraiser for defendant, O. L. Jordan, was of the opinion that the property taken had a value of only $2.10 per square foot. The award was predicated upon the larger evaluation made by plaintiff’s appraisers.
The remaining issue presented for resolution on this appeal relates to a matter of severance damages to the remainder of defendant’s property resulting from the taking. . The property prior to the expropriation was utilized for a grocery store and a small, obsolete service station. In front of the grocery was a parking area 25 feet in width, five feet of which, next to the store, comprised a walkway. This area, after the taking, was reduced to a width of approximately 20Yz feel- There were no improvements on the property taken other than a 560-gallon underground gasoline storage tank, the salvage value of which was not shown. It was, however, donated to the party effecting its removal from the premises.
The property was vacant at the time of the expropriation. Former tenants had secured other locations in the vicinity. Their removal from the property was not shown to have been influenced by the expropriation.
The consensus of plaintiff’s appraisers was that the best and highest use to which the remainder of defendant’s property could be put was that of a modern service station. Subsequent events support this conclusion. After the taking, but before trial of the case, a major oil company, under a lease from defendant, had constructed such a station on the property.
Defendant’s appraiser estimated defendant’s loss at $7,200.00. This estimate included the value of the property taken as well as severance damages to the remainder. The appraisal was based on an estimated loss of revenue over a period of 20 years under the present lease to the oil company as compared to the anticipated income which defendant could possibly have derived from the grocery store and filling station situated on the property prior to the expropriation. The trial court correctly pointed out that this estimate was unacceptable. The buildings were vacant when the appraiser made his inspection. No determination was made by him as to why the tenants had vacated the premises; nor was the rental value of the property established. Nor did the appraiser make an estimate of the rental income prior to the taking in comparison with *805 that after the taking. Moreover, defendant testified that the leases on the property would have expired in June, 1962.
Obviously, defendant was of the opinion that the highest and best use of the property was for that of a modern service station. However,' his appraiser testified that, in his opinion, defendant had made a bad deal in the matter of rentals to be paid for the lease. If a loss is sustained by defendant in that respect, such loss obviously cannot be chargeable as severance damages resulting from the expropriation.
Moreover, plaintiff’s appraisers expressed the opinion no severance damages resulted to the remainder of the property by the expropriation of the narrow strip for highway purposes.
The rule is that when property is expropriated for highway purposes and the owner claims that the value thereof exceeds the estimate of its value made by the Department of Highways, or when, upon a partial taking, the owner claims resulting damages to the remainder of his property, he must bear the burden of proving his claim. LSA-R.S. 48:453; State Through Department of Highways v. Rownd (La.App.) 119 So.2d 282 (Orl.1959—writs denied); State Through Department of Highways v. Kemp (La.App.) 141 So.2d 487 (1st Cir. 1962).
The trial court concluded that defendant had not borne the burden imposed upon him and, from our review of the proceedings, we are of the opinion that the record amply supports this conclusion. 'We further find, as did the trial court, that no severance damages resulted to the remainder of defendant’s property because of the expropriation.
The judgment appealed is accordingly affirmed. Defendant-appellant is assessed with the costs of this appeal.
Affirmed.